```
                        F I L E D
                    CLERK, U.S. DISTRICT COURT

                         8/3/2020

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY: _____eva_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 8:20-cr-00100-JLS |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 371: Conspiracy] |
| SOBER LINING, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 371]

A.   INTRODUCTORY ALLEGATIONS

   1.   At times relevant to this Information:

       a.   Defendant SOBER LINING was a corporation based in Orange County, within the Central District of California, that provided referral services to individuals seeking substance abuse treatment.  Defendant SOBER LINING marketed its placement services to individuals throughout the United States through online marketing and other means.

       b.   Entity A was an alcohol and drug treatment provider that provided substance abuse treatment to patients.  Entity A billed insurance companies for treatment provided to patients.

   c. Payment for the referral of patients is unlawful under California Insurance Code § 750.

B. <u>THE OBJECT OF THE CONSPIRACY</u>

  2. Beginning on an unknown date but no later than 2014 and continuing through at least 2018, in Orange County, within the Central District of California, and elsewhere, defendant SOBER LINING knowingly conspired with others known and unknown to the United States Attorney to commit an offense against the United States, namely, use of an interstate facility in aid of bribery, in violation of Title 18, United States Code, Section 1952(a)(3).

C. <u>THE MANNER AND MEANS OF THE CONSPIRACY</u>

  3. The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

   a. Defendant SOBER LINING would solicit prospective patients seeking substance abuse treatment through online marketing and other means.

   b. The prospective patients would contact defendant SOBER LINING, and defendant SOBER LINING would consult with the prospective patients about their treatment needs.

   c. Defendant SOBER LINING would refer the prospective patients to substance abuse treatment providers in exchange for cash payments from the providers receiving the referrals.

   d. To conceal the true purpose of the payments, defendant SOBER LINING and the substance abuse treatment providers would enter into sham contracts that falsely stated that defendant SOBER LINING would provide "marketing" services to the substance abuse treatment providers.

     d.    Defendant SOBER LINING would request payment from the substance abuse providers by sending through use of the mail and interstate wirings invoices for payment for the purported marketing services.

     e.    The substance abuse treatment providers would pay defendant SOBER LINING $4,000 to $7,500 for each patient referred.

     e.    The substance abuse providers would use the mail and interstate wirings to bill insurance companies for services provided to the patients referred through the bribery and kickback scheme.

D.    <u>OVERT ACTS</u>

    4.    On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant SOBER LINING, together with others known and unknown to the United States Attorney, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California and elsewhere:

    <u>Overt Act No. 1</u>:  On April 4, 2018, defendant SOBER LINING sent Entity A via the mail an invoice for $6,500 for purported "marketing" services, which was actually an invoice for a kickback payment for the referral of a patient.

    <u>Overt Act No. 2</u>:  On April 11, 2018, defendant SOBER LINING sent Entity A via the mail an invoice for $6,500 for purported "marketing" services, which was actually an invoice for a kickback payment for the referral of a patient.

    <u>Overt Act No. 3</u>:  On April 24, 2018, defendant SOBER LINING sent Entity A via the mail an invoice for $6,500 for purported "marketing" services, which was actually an invoice for a kickback payment for the referral of a patient.

1  **Overt Act No. 4**:  On May 11, 2018, defendant SOBER LINING sent Entity A via the mail an invoice for $6,500 for purported "marketing" services, which was actually an invoice for a kickback payment for the referral of a patient.

**Overt Act No. 5**:  On June 22, 2018, defendant SOBER LINING sent Entity A via the mail an invoice for $6,500 for purported "marketing" services, which was actually an invoice for a kickback payment for the referral of a patient.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

JOSEPH T. MCNALLY
Assistant United States Attorney